UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDELL M. HUNT,

          Plaintiff,

     v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

          Defendant.

CASE NO. 12-cv-5642-JRC

ORDER ON PLAINTIFF'S MOTION FOR EAJA FEES AND COSTS

     This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter is before the Court on plaintiff's contested Motion for EAJA fees and costs (*see* ECF Nos. 30, 35).

     Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Acting Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that the amount of hours requested for attorney time are excessive. After considering and reviewing the record, the Court agrees.

Therefore, plaintiff's motion for EAJA attorney's fees, expenses and § 1920 costs is granted in part: Plaintiff is awarded pursuant to 28 U.S.C. § 1920 costs in the amount of $405.00; and is awarded pursuant to EAJA, 28 U.S.C. § 2412, expenses in the amount of $68.69 and attorney's fees in the amount of $11,036.47.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed a complaint in this Court seeking judicial review of the written decision by the Administrative Law Judge ("the ALJ") denying Social Security benefits (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on October 29, 2012 (*see* ECF Nos. 12, 14). Plaintiff filed his Opening Brief on December 5, 2012, challenging the ALJ's written decision denying benefits (*see* ECF No. 18). Following oral argument on September 30, 2013, this Court reversed and remanded this matter to the Acting Commissioner for further administrative proceedings, based on errors by the ALJ when reviewing the medical opinion evidence (*see* ECF Nos. 26-29).

Subsequently, plaintiff filed a motion for attorney's fees and costs (*see* ECF Nos. 30, 31), to which defendant filed a responsive objection (*see* ECF No. 35). Defendant agrees that plaintiff is entitled to EAJA fees and she does not "object to the hourly rate, expenses, or costs, based on documentation provided to the Court" (*see id.*, p. 1). However, defendant does "object to the reasonableness of the attorney time requested in the motion because they are excessive" (*id.*).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other

expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)).  Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order of Remand, ECF No. 29; *see also* ECF Nos. 26-29). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded that

the government's position was not substantially justified, as defendant argues that plaintiff's recovery for attorney's fees should be reduced, not eliminated (*see* Defendant's Response to Plaintiff's Motion for EAJA Fees and Costs, ECF No. 35).

The Court agrees with defendant's implicit concession (*see id.*). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the ALJ's review of the medical evidence. For this reason, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the United States Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433. Here, as the rate is not challenged, the issue revolves around the hours reasonably expended on the litigation. *See id.*

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435.  The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Because the Court concludes that plaintiff has obtained excellent results, as implicitly conceded by defendant, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson*, *supra*, 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson*, supra, 488 F.2d at 717-19, and *Kerr*, supra, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012).

These guidelines are consistent with Washington Rules of Professional Conduct 1.5.

Defendant contends that plaintiff's request for 68.4 hours of attorney time, or $12,715.42, is excessive, citing a case from this Circuit (*see* ECF No. 35 (*citing Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000))). Defendant's argument, quoted below, is persuasive:

> In *Patterson v. Apfel*, another Social Security disability appeal at the District Court level, counsel for the plaintiff spent a total of 24 hours "reviewing the administrative record, performing legal research, and drafting court documents, including the complaint, plaintiff's motion for summary judgment, and a reply memorandum," and only 4 hours "preparing for and appearing at the oral argument" (internal citation to 99 F.Supp.2d at 1213). Here, Plaintiff's attorney spent 11.6 hours preparing for oral argument, 6.4 hours traveling to and appearing at oral argument, and 6.8 hours drafting the post-argument proposed order, for a total of 24.8 hours (internal citation to ECF No. 30, p. 4). The 4 hours requested in Patterson were reasonable; the 24.8 hours requested here are not (internal citation to Institute for *Wildlife Protection v. U.S. Fish and Wildlife Service*, 2008 WL 4866063 at *12-*13 (D. Or. 2008) (4 hours "spent in preparing for oral argument" before the District Court was reasonable").

(ECF No. 35, pp. 2-3).

Here, defendant requests that the Court reduce plaintiff's pre- and post-hearing hours from 18.4 to 4, which defendant contends "is in keeping with the case law on this issue" (*id.*, p. 3). Defendant contends that plaintiff's hours should be reduced by 14.4 hours, or $2,686.32 ($186.55 per hour), from $12,715.42 to $10,029.10 (*id.*). Plaintiff has not filed a reply in support of his fee petition.

Although there is no magic number of how many hours are reasonable, and there is no "typical" social security case, the Court observes that the requested number of hours herein is larger than the vast majority of EAJA fee petitions filed in Social Security appeals in the recent few years, if not all of them. However, the number of hours that are reasonable is a very fact-specific determination and can vary greatly when medical records are very large or complex; when there have been multiple appeals and remands; and when new legal issues or new Social Security Rulings are applied. However, in this matter herein, none of these factors appear to necessitate more than average amount of attorney time: this Court reversed and remanded due to an error in the evaluation of the medical evidence, which is not unusual in Social Security appeals. The record is not unusually long or complex.

Plaintiff has not attempted to distinguish this case as requiring more time than the majority of cases in social security and has made no attempt to justify the large number of attorney hours billed on this case, specifically for preparing for oral argument and for post-argument hours. As indicated already, plaintiff did not file a reply to defendant's

responsive brief to his fee petition. Although plaintiff achieved excellent results and deserves a fully compensatory fee, plaintiff's requested fee herein is excessive.

For the reasons stated, and based on the relevant record, the Court concludes that the amount of plaintiff's pre- and post-hearing requested hours is unreasonable and excessive and should be reduced. However, the Court declines to cut the hours from 18.4 to 4.0, as requested by defendant. Instead, a reduction of 5 hours from the amount of time billed to "review file and prepare oral argument" is appropriate, bringing the total from 11.6 hours to 6.6 hours for this set of entries; and, a reduction of 4 hours from the amount of time billed to "Review transcript of Minute Order and draft Proposed Order" is appropriate, bringing the total from 5.9 to 1.9 hours for this set of entries (*see* ECF No. 30, p. 4 (itemized billing sheet)). The Court notes that plaintiff's resultant attorney hours, 59.4 hours, still is a large number of hours for a social security appeal.

## CONCLUSION

Plaintiff's request for expenses in the amount of $68.69 pursuant to EAJA and for costs in the amount of $405.00 pursuant to 28 U.S.C. § 1920 are reasonable and are granted.

Plaintiff's request for attorney's fees pursuant to EAJA, 28 U.S.C. § 2412, in the amount of $12,715.42 represents hours that are unreasonable and excessive. Therefore, plaintiff's requested 68.4 hours is reduced by 9 hours, or reduced by $1,678.95 ($186.55/hour) to 59.4 hours. Plaintiff's motion for attorney's fees is granted in the amount of $3,686.40 for 2012 (20 hours in 2012, billed at $184.32) and $7,350.07 for 2013 (39.4 hours in 2013, billed at $186.55) for a total EAJA fee award of $11,036.47.

Based on these reasons and the relevant record, the Court **ORDERS** that plaintiff's motion for EAJA attorney's fees and expenses is granted in part: Plaintiff is awarded pursuant to 28 U.S.C. § 1920 costs in the amount of $405.00; and is awarded pursuant to EAJA, 28 U.S.C. § 2412, expenses in the amount of $68.69 and attorney's fees in the amount of $11,036.47.

Plaintiff's award for expenses and attorney's fees is awarded pursuant to the EAJA, 28 U.S.C. § 2412, and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees are not subject to any offset, or if there is a remainder after an offset, the check for EAJA fees shall be made payable to plaintiff's counsel, Teal M. Parham, based on plaintiff's assignment of these amounts to plaintiff's attorney. Any EAJA check shall be mailed to plaintiff's counsel, Teal M. Parham, at 910 12th Avenue, P.O. Box 757, Longview, WA 98632.

Dated this 10th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge